IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| HOWARD JOHNSON INTERNATIONAL INC., a Delaware corporation, | ) ) ) | Civil No. 03-1663-JE |
| Plaintiff, | ) ) ) | OPINION AND ORDER |
| v. | ) ) | |
| 85 FIFTH STREET ASSOCIATES, LLC, a Washington limited liability company; 85 FIFTH STREET ASSOCIATES, L.P., a Washington limited partnership; NORTHWEST LODGING, INC., a Washington corporation; LAWRENCE P. HORWITZ, individually; and ANDRE S. TATIBOUET, individually, | ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| and | ) ) | |
| 85 FIFTH STREET ASSOCIATES, LLC, a Washington limited liability company; 85 FIFTH STREET ASSOCIATES, L.P., a Washington limited partnership; NORTHWEST LODGING, INC., a Washington corporation; LAWRENCE P. HORWITZ, individually; and ANDRE S. TATIBOUET, individually, | ) ) ) ) ) ) ) ) ) ) | |
| Counter Claimants, | ) | |

|                                              | )           |
|----------------------------------------------|-------------|
| v.                                           | )           |
|                                              | )           |
| HOWARD JOHNSON INTERNATIONAL                 | )           |
| INC., a Delaware corporation,                | )           |
|                                              | )           |
|           Counter Defendant.                 | )           |
| _____ | )           |

    David B. Byers
    Graham & Dunn, P.C.
    Pier 70 ~ 2801 Alaskan Way, Suite 300
    Seattle, WA 98121-1128
        Attorney for Plaintiff/Counter Defendant

    Pro Se Defendants/Counter Claimants
    c/o James Wagner or James Evers
    Wagner Choi & Evers
    745 Fort Street, Suite 1900
    Honolulu, HI 96813

    Lawrence P. Horwitz
    2101 Fourth Avenue, Suite 1020
    Seattle, WA 98121
        Pro Se Defendant/Counter Claimant

JELDERKS, Magistrate Judge:

Plaintiff Howard Johnson International, Inc. (HJI) brings this action asserting trademark infringement, unfair competition, and breach of contract claims against defendants 85 Fifth Street Associates, LLC; 85 Fifth Street Associates, L.P.; Northwest Lodging, Inc.; Lawrence Horwitz; and Andre Tatibouet. Defendants deny liability, and defendant 85 Fifth Street Associates, LLC asserts a counterclaim alleging that plaintiff HJI breached its obligation of good faith and fair dealing by undermining the value of its brand and by failing to provide the agreed upon services.

Plaintiff moves for summary judgment on its breach of contract claims and claims for damages, and on defendant

85 Fifth Street Associates, LLC's counterclaim. It seeks an Order establishing its entitlement to certain specified damages as well as the attorneys' fees, costs, and collection expenses to be determined by the court. Plaintiff's motion is granted except as to defendant Tatibouet, as to whom the action has been stayed by the filing of a Notice of Bankruptcy.

## BACKGROUND

Plaintiff HJI, a Delaware corporation whose principal place of business is located in New Jersey, operates a guest lodging facility franchise system. This franchise system is made up of trade names, service marks, and logos (Howard Johnson Marks) and standards and support functions, which include a nationwide computer reservation system. Hotels that operate as part of this franchise system are independently owned and are operated by franchisees as Howard Johnson lodging facilities pursuant to individual license agreements.

On June 19, 1997, HJI and defendant 85 Fifth Street Associates, L.P., entered into a License Agreement concerning the operation of a 154-room lodging facility located at 2612 Island Avenue, La Grande, Oregon. Under Section 5 of the License Agreement, 85 Fifth Street Associates, L.P. was required to operate the La Grande facility (the Facility) for 15 years as part of the HJI franchise system. The License Agreement also required 85 Fifth Street Associates, L.P. to

make periodic royalty, service assessment, tax, interest, reservation system, and user fee payments to HJI. The parties refer to these payments as "recurring fees." Section 17.5 of the License Agreement provided that the Agreement is to "be governed by and construed under the laws of the State of New Jersey."

Under the License Agreement, HJI had the right to terminate the Agreement for specified reasons, including 85 Fifth Street Associates, L.P.'s failure to pay any amounts that were owed to it under the License Agreement. In the event of a termination of the License Agreement, 85 Fifth Street Associates, L.P. was obligated to pay HJI liquidated damages according to a specified formula. Under Section 7.3 of the License Agreement, 85 Fifth Street Associates, L.P. agreed to pay interest on outstanding payments due at the rate of the lesser of 1.5% per month or at the maximum rate allowable by law. The License Agreement also provided that the losing party would pay "all costs and expenses, including reasonable attorneys' fees, incurred by the prevailing party to enforce this Agreement or collect amounts owed under this Agreement."

On April 15, 1993, plaintiff HJI entered into a Development Agreement with defendant Northwest Lodging, Inc. (NLI), a Washington corporation which was then the managing general partner of Fifth Street Associates, L.P. Defendant NLI entered into the Agreement on behalf of itself and

85 Fifth Street Associates, L.P.  Pursuant to section 1(c) of
the Development Agreement, plaintiff HJI subsequently advanced
defendant NLI $154,000, which equaled $1,000 for each licensed
guest room at the Facility, to assist in converting the
Facility to the Howard Johnson System and install Howard
Johnson trademarks and trade dress.  Section 1(g) of the
Development Agreement provided that funds advanced were to be
amortized in equal monthly installments, without interest,
over the 15-year term of the License Agreement.  The
Development Agreement provided that defendant 85 Fifth Street
Associates, L.P. would immediately re-pay HJI the unpaid
balance of the advance if it did not meet its obligations
under the Development Agreement.

Through defendant NLI, its general partner, 85 Fifth
Street Associates, L.P. assigned its rights and obligations
under the Development Agreement to defendant 85 Fifth Street
Associates, LLC on October 26, 2000.  The assignment was made
through an Assignment and Assumption Agreement under which 85
Fifth Street Associates, L.P. remained secondarily liable for
payment and performance of defendant 85 Fifth Street
Associates, LLC's obligations under the Development Agreement.
On the same day, defendants Horwitz and Tatibouet signed a
Guaranty obligating themselves to "immediately make each
payment and perform or cause [85 Fifth Street LLC] to perform,
each obligation required of [85 Fifth Street LLC] under the
[License] Agreement."  The Guaranty also provided that the

guarantors would pay the costs plaintiff HJI incurred in enforcing its rights or remedies under the Guaranty of the License Agreement. The Guaranty stated that it was provided as "an inducement to [HJI]" to execute the Assignment and Assumption Agreement.

In a letter addressed to defendant Horwitz dated July 28, 2003, plaintiff HJI informed 85 Fifth Street Associates, LLC that it was in default "under the [License] Agreement for the Facility," and that the License Agreement would be terminated as of August 29, 2003, if the default was not cured. The letter stated that the default arose from defendant 85 Fifth Street LLC's failure to pay monthly recurring fees due under Section 7, 18.1, and Schedule C of the License Agreement.

In a letter dated September 3, 2003, plaintiff HJI terminated the License Agreement, and informed defendant 85 Fifth Street, LLC that it was required to remove "all items that display or refer to Howard Johnson at the Facility" within 14 days of receiving the letter. The letter also stated that defendant 85 Fifth Street Associates, LLC was required to pay HJI $100,000 as liquidated damages, as required under the License Agreement, and to pay $138,569.58 in recurring fees.

According to the calculations of Kathy Cox, plaintiff HJI's Senior Director of Franchise Administration, the accrued prejudgment interest owed for recurrent fees pursuant to Section 7.3 of the License Agreement was $34,577.86 as of

January 21, 2003, and prejudgment interest is accruing at the rate of $64.34 per day. Cox calculates the prejudgment interest owing pursuant to the $100,000 liquidated damages clause to be $22,142.47 as of January 21, 2003, and states that this amount is accruing at the rate of $49.32 per day. Cox states that the amount of the outstanding unamortized balance of the $150,000 sum that plaintiff HJI advanced to 85 Fifth Street Associates, LLC is $92,400.

While plaintiff's motion for summary judgment was pending, defendant Tatibouet filed a voluntary petition under Chapter 11 of the Bankruptcy Code. Under 11 U.S.C. § 362(a), that filing operates as an automatic stay of plaintiff's action as to defendant Tatibouet. Accordingly, though defendant Tatibouet has submitted a declaration and memorandum in opposition to the pending motion, he is no longer an active party in these proceedings.

## CLAIMS AND COUNTERCLAIM

Plaintiff HJI asserts nine claims in its first amended complaint. The first claim alleges that defendants violated Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a), by continuing to "market, promote, and rent rooms at the La Grande Facility through the unauthorized use of Howard Johnson's Marks" after HJI terminated the License Agreement in September 2003. Plaintiff seeks injunctive relief prohibiting defendant 85 Fifth Street Associates, LLC from using Howard

Johnson Marks in marketing lodging services at the Facility. It also seeks recovery of treble damages for defendants' alleged willful infringement of its marks.

Plaintiff's second claim seeks disgorgement of any profits defendants derived from their alleged improper use of Howard Johnson Marks in the marketing of guest rooms at the Facility.

The third claim alleges that plaintiff HJI is entitled to recover liquidated damages in the amount of $100,000 plus interest "as calculated pursuant to Section 12.1 of the [Licensing] Agreement."

The fourth claim, asserted as an alternative to the third claim, seeks recovery of lost future revenue over the 15-year period of the Agreement if the court determines that defendants are not liable for liquidated damages.

The fifth claim alleges that defendant 85 Fifth Street Associates, LLC breached the parties' contract by failing to pay the recurring fees as required in the Licensing Agreement. This claim seeks recovery of those fees, with interest, and the attorneys' fees and costs plaintiff has incurred in this action.

The sixth claim alleges that 85 Fifth Street Associates, LLC has been unjustly enriched by its failure to compensate plaintiff HJI for the Recurring fees owing under the Licensing Agreement and its use of the Howard Johnson Marks without payment after the Agreement was terminated.

The seventh claim alleges that, under the terms of the Assignment and Assumption Agreement, defendants 85 Fifth Street Associates, L.P. and NLI "remain secondarily liable" for liquidated damages, actual damages, recurring fees, interest, attorneys' fees, and costs.

The eighth claim alleges that defendant 85 Fifth Street, L.P. breached its contractual obligation to pay amounts owing on the promissory notes, and that the entire outstanding balance of the notes is "immediately due and collectible." Plaintiff also seeks recovery of interest, attorneys' fees, and costs under this claim.

The ninth claim alleges that, under the terms of the Guaranty they signed, defendants Horwitz and Tatibouet are liable for "liquidated damages in the amounts identified herein, or actual damages in an amount to be determined at trial, and 85 Fifth Street's recurring fees due and owing under the Agreement, and for those additional recurring fees attributable to the period during which 85 Fifth Street misused the Howard Johnson Marks."

Defendant 85 Fifth Street Associates, LLC asserts a counterclaim alleging that plaintiff HJI breached its duty of good faith and fair dealing under the Licensing Agreement "by undermining the value of the brand and by failing to provide agreed upon services." The counterclaim alleges that this defendant "has suffered economic damages in the form of lost revenue" because of this alleged breach.

9 - OPINION AND ORDER

**STANDARDS FOR EVALUATING MOTIONS FOR SUMMARY JUDGMENT**

Federal Rule of Civil Procedure 56(c) authorizes summary judgment if no genuine issue exists regarding any material fact and the moving party is entitled to judgment as a matter of law. The moving party must show the absence of an issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). The moving party may discharge this burden by showing that there is an absence of evidence to support the nonmoving party's case. Id. When the moving party shows the absence of an issue of material fact, the nonmoving party must go beyond the pleadings and show that there is a genuine issue for trial. Id. at 324.

The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Reasonable doubts concerning the existence of a factual issue should be resolved against the moving party. Id. at 630-31. The evidence of the nonmoving party is to be believed, and all justifiable inferences are to be drawn in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1985). No genuine issue for trial exists, however, where the record as a whole could not lead the trier of fact to find for the nonmoving party. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

**DISCUSSION**

I. <u>Summary Judgment Requested</u>

Plaintiff HJI seeks a summary judgment establishing that:

> 1. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the License Agreement in the amount of $173,147.44, plus interest in the amount of $64.34 per day since January 21, 2005;
>
> 2. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the Development Agreement in the amount of $92,400, without interest;
>
> 3. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the License Agreement for liquidated damages in the amount of $122,142.47, plus interest in the amount of $49.32 per day since January 21, 2005;
>
> 4. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the License Agreement for attorneys' fees, costs, and collection expenses in an amount to be determined by the court;
>
> 5. Defendants Horwitz and Tatibouet are individually liable to it for all the amounts owed by 85 Fifth

11 - OPINION AND ORDER

Street Associates, LLC, and are jointly and severally liable with 85 Fifth Street Associates, LLC for those amounts;

6. Defendant 85 Fifth Street Associates, L.P. is liable to it for all the amounts owed by 85 Fifth Street Associates, LLC; and

7. Plaintiff is not liable on 85 Fifth Street Associates, LLC's counterclaim.

## II. Breach of Contract Claims and Related Claims for Damages
### A. Recurring fees

Under the terms of the License Agreement, 85 Fifth Street Associates, LLC was clearly required to pay certain "recurring fees." Plaintiff HJI has submitted unrebutted evidence both as to this defendant's failure to make those payments, and as to principal owing, interest owing as of January 21, 2005, and the rate at which interest is accruing.

Defendants have not cited evidence that truly creates issues of fact as to 85 Fifth Street Associates, LLC's obligation to pay recurring fees, its failure to pay certain of those fees, or plaintiff HJI's calculations of the amount owing and the rate at which interest is accruing. Defendants have neither submitted documents that contradict or cast doubt upon the documents upon which plaintiff relies, nor cited

portions of the documents plaintiff has submitted which are inconsistent with the portions upon which plaintiff relies. Instead, defendants rely upon declarations submitted by defendants Horwitz and Tatibouet. In those declarations, Horwitz and Tatibouet assert that the operative "Agreement" is not the same as the "License Agreement," and that the "Assignment and Assumption Agreement" refers to "Agreements," including not only the License Agreement, but a "Software and Services Agreement and a Declaration of License Agreement as well as an Integrated System Agreement." Horwitz and Tatibouet state that material issues of fact include whether NLI should be a party to this action, and "what document or sections control or supersede conflicting or inconsistent provisions."

A review of the material before the court does not support these contentions, but instead supports only the conclusion that defendants breached their clear contractual obligations to pay recurring fees as alleged in the complaint, and that defendants are liable for the sums sought in the pending motion. The documents before the court support plaintiffs' assertion that defendants assumed the contractual obligations alleged, and defendants have provided no evidence contradicting plaintiffs' evidence that the obligations have not been met. Though defendants contend that there have been waivers, superseding agreements, conflicting documents, and misnamed parties, they have cited no evidence from which a

reasonable trier of fact could conclude that plaintiffs are not entitled to judgment in their favor on the breach of contract claim and the related claims for damages. Defendants likewise have submitted no evidence controverting plaintiff's damage calculations.

B. <u>Development Advance Note</u>

Plaintiff has submitted unrebutted evidence showing that the outstanding principal balance on the Development Advance Note is $92,400.00. Defendants assert that plaintiff actually made no "Development Advances" because the parties agreed that plaintiff would pay "Development Incentives" not as an advance or a loan, but as an inducement for signing the Agreement. However, there is no evidence in the record supporting this assertion. Nothing in the parties' correspondence or in the documents before the court supports the conclusion that the Development Agreement upon which plaintiff's claim for $92,400 is based was terminated, altered, or superseded, or that it did not in fact require the payment plaintiffs seek in the event of early termination. In the absence of such evidence, plaintiff is entitled to summary judgment on this element of its damages claim.

C. <u>Liquidated Damages Claim</u>

The record before the court likewise supports only the conclusion that defendants are liable for liquidated damages

and interest on those damages under the License Agreement. Defendants correctly agree that New Jersey law "looks with favor upon provisions in agreements that fix specified amounts of damages in the event of a breach." Defendants' Memorandum in Opposition to Motion for Summary Judgment at 6 (citing D.HM Indus., Inc. v. Century Port Warehouses, Inc., 127 N. J. Super. 499 (App. Div. 1973), aff'd, 64 N.J. 548 (1974)). They argue, however, that decisions holding that such damages are recoverable "are not applicable to this complex situation" because "here, there are volumes of documents, with supplemental agreements that supersede and, in many cases, amend the original agreement." Defendants add that "many of these documents have to be deciphered and interpreted to determine the true intent and meaning of the parties, as the players and the terms of the original agreement have been amended and altered at various times."

These arguments fail. Defendants cite no specific contractual provision or document that implies or states that the clear and unequivocal liquidated damages provisions of the License Agreement have been altered, superseded, or terminated. In the absence of any such provision or document, plaintiff is entitled to summary judgment on its claim for liquidated damages. Plaintiff asserts that "actual damages for breach of the License Agreement are very difficult to estimate, since those actual damages would depend on the monthly gross room revenues at the facility over the many

remaining years that the contract would have extended."  It has provided an affidavit supporting the conclusion that the liquidated damages formula is based upon its experience "which has shown that terminated hotels typically require two years, and often longer, to be replaced in a given market." Defendants have offered no argument or evidence to refute plaintiff's argument and evidence that the liquidated damages provision is a reasonable forecast of its lost revenues. Under these circumstances, plaintiff is entitled to summary judgment on its liquidated damages claim.

D. <u>Prejudgment Interest Claim</u>

Section 7.3 of the License Agreement provides that interest at the rate of 1.5% per month will accrue on all payments that become past due under the Agreement.  As noted above, the evidence before the court supports only the conclusion that defendants owe plaintiff the principal amounts that plaintiff asserts are past due.  Defendants have neither offered any evidence from which a trier of fact could conclude that they do not owe plaintiff the amounts it seeks to recover, nor cited any reported decisions casting doubt upon the decisions that plaintiff has cited indicating that prejudgment interest is allowable under both Oregon and New Jersey law.  They likewise have provided no evidence refuting plaintiff's calculation of the amount per day at which prejudgment interest is accumulating.  Accordingly,

plaintiff is entitled to summary judgment on its claim for prejudgment interest.

E. Claim for Attorneys' Fees and Costs

Section 17.4 of the License Agreement provides that defendants will pay all reasonable costs and attorneys' fees that plaintiff incurs in enforcing and collecting amounts owed under the Agreement. That provision is incorporated in the Guaranty.

There is no evidence that defendants' obligation to pay the reasonable costs and attorneys' fees plaintiff incurred in case of defendants' breach of the Agreement was ever modified, extinguished, or waived. In the absence of such evidence, and in light of the unrebutted evidence that defendants breached their obligations under the Agreement, plaintiff is entitled to summary judgment on this claim.

F. Liability of Guarantors and 85 Fifth Street Associates, L.P.

As noted above, this action is now stayed as to defendant Tatibouet. However, in the material submitted before the Notice of Bankruptcy concerning this defendant was filed, neither defendant Tatibouet nor defendant Horwitz submitted evidence from which a reasonable trier of fact could conclude that defendant Horwitz is not liable pursuant to the guarantee that he signed. There is no evidence in the record supporting

17 - OPINION AND ORDER

the conclusion that Horwitz's guarantee has been modified, superseded, or satisfied, or that the guaranty was, as Horwitz contends, "intentionally waived."  As plaintiff correctly notes, under the laws of both New Jersey and Oregon, guaranty agreements are subject to the Statute of Frauds, and must be in writing.  The record before the court is devoid of any written document or agreement stating or implying that the obligation that defendant Horwitz assumed as a guarantor has been discharged, modified, or terminated.  The record also supports only the conclusion that Fifth Street Associates, L.P. remained secondarily liable when it assigned its rights and obligations under the License Agreement to 85 Fifth Street, LLC.

III. <u>Defendants' Counterclaim</u>

Defendant 85 Fifth Street Associates, LLC's counterclaim alleges that plaintiff breached its duty of good faith and fair dealing by "undermining the value of the brand and by failing to provide agreed upon services."  In response to plaintiff's motion for summary judgment on this claim, defendants cite only their responses to interrogatories.  In those responses, defendant asserted that plaintiff repositioned the Howard Johnson brand as an economy brand, closed its central reservation and operation center in the Western region, and "made frequent changes among its executive staff, which caused inconsistent brand management."

These unsupported generalized allegations do not constitute admissible evidence from which a trier of fact could find in defendants' favor on the counterclaim. Accordingly, plaintiff is entitled to summary judgment on defendants' counterclaim.

## ORDER

Plaintiffs' motion for a summary judgment (# 26) establishing that:

> 1. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the License Agreement in the amount of $173,147.44, plus interest in the amount of $64.34 per day since January 21, 2005;

> 2. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the Development Agreement in the amount of $92,400, without interest;

> 3. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the License Agreement for liquidated damages in the amount of $122,142.47, plus interest in the amount of $49.32 per day since January 21, 2005;

4. Defendant 85 Fifth Street Associates, LLC is liable to it pursuant to the License Agreement for attorneys' fees, costs, and collection expenses in an amount to be determined by the court;

5. Defendants Horwitz and Tatibouet are individually liable to it for all the amounts owed by 85 Fifth Street Associates, LLC, and are jointly and severally liable with 85 Fifth Street Associates, LLC for those amounts;

6. Defendant 85 Fifth Street Associates, L.P. is liable to it for all the amounts owed by 85 Fifth Street Associates, LLC; and that

7. Plaintiff is not liable on 85 Fifth Street Associates, LLC's counterclaim,

is GRANTED as to all defendants except for defendant Tatibouet. The motion is DENIED as to defendant Tatibouet.

DATED this 17th day of June, 2005.

/s/ John Jelderks
John Jelderks
U.S. Magistrate Judge